## G. W. Woodman v. The State.

1—An indictment charging that the defendant "unlawfully did bet at a faro bank, the said faro bank being then and there kept and exhibited for the purpose of gaming," sets forth the offense with sufficient certainty.

2—In an indictment for betting at a gaming table, under Art. 2054, Paschal's Digest, it is not necessary to allege the place where the offense was committed. The venue in the proper county is a sufficient designation of the place.

Appeal from Calhoun. Tried below before the Hon. Wesley Ogden.

The indictment charged that the betting was done in the town of Indianola, in Calhoun county, but gave no more spe-

·cific description of the place. The description of the alleged
·offense is fully set forth in the head-note.

Being found guilty, the fine was assessed by the jury at $100,
·and judgment was rendered accordingly against the defendant.

No brief for the appellant.

*E. B. Turner*, Attorney General, for the State.—The only
question presented is : is the indictment sufficient to sustain the
verdict and judgment ? The offense is defined in Paschal, Art.
.2054. (Bosshard v. State, Supplement to 25th vol. Tex., 209 ;
State v. Burton, 25 Tex., 420 ; State v. Ward, 9 Tex., 371 ;
.Smith v. State, 17 Tex., 191 ; Estes v. State, 10 Tex., 300.)

The authorities cited and cases adjudicated under the statute
against playing at a public house, have no analogy ; there the
*place*, and in this the *kind* of gaming, is prohibited.

LINDSAY, J.—The record shows no error committed by the
court or jury on the trial of this cause.

The indictment was for betting on the game of " faro." The
·charge is set forth with as much certainty as is required by law.
In analogy to the cases of playing at cards, proscribed by stat-
ute, under certain defined circumstances, it is imagined that
the *place* where the game of " faro " was played, dealt, or
·exhibited, must be alleged. It is not so, however. The laying
the venue in the proper county is sufficient in the prosecution
·of this offense. Card playing is an offense only when done
under certain circumstances specified in the act. The offense
is not restricted by any local designation. The provisions of
this act are general in its prohibition and denunciation. Art.
2054, Paschal's Digest, says : " If any person shall bet at any
gaming table, or bank, such as are in the six preceding articles
mentioned, (in which articles " faro " is included,) he shall be
fined not less than one hundred dollars, nor more than two
hundred and fifty dollars." According to the common under-
standing of mankind, to " bet " is to lay a wager ; to stake or
pledge money or property, upon the event of a contest ; which

contest, in this case, was in the game called "faro." The place is unimportant. If the game is played *at any place* for a "bet," it is a violation of the statute. The law demands no certainty about the locality. And this, perhaps, was intended by the Legislature to increase its sanction, as it was obviously the design to repress such games altogether.

If the convict in this case should be again indicted for the same offense, upon the proof offered by the State to establish the charge, there is nothing to prevent his production of proof to establish the identity of the transaction, under a plea of former conviction. The judgment is affirmed.

Affirmed.